IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MCINTOSH, : | |
|       Plaintiff, : | |
| : | |
| v. : | Civ. No. 11-7165 |
| : | |
| MARIA BENISH, et al., : | |
|       Defendants. : | |
| : | |

## DECISION

Federal prisoner James McIntosh filed the above-captioned *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking his release from prison based on a violation of the Interstate Agreement on Detainers that allegedly occurred in the course of his prosecution in Pennsylvania. He seeks to proceed *in forma pauperis* in this matter. *(Doc. No. 1.)* For the reasons that follow, I will grant Plaintiff leave to proceed *in forma pauperis*, and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    FACTS

As alleged, Plaintiff was transferred from federal prison in Texas to a Philadelphia jail pursuant to either a writ of *habeas corpus ad prosequendum* or a detainer, so that he could stand trial on pending state charges. He arrived in Philadelphia on August 16, 2000, and was arraigned at that time. It appears that Plaintiff was ultimately convicted of the charges. He claims, however, that his trial was not timely under the IAD, and that this violation of the IAD also constituted a violation of his procedural due process rights. He requests "compensation as far as [his] Liberty, concerning [his] federally protected statutory rights under the I.A.D." *(Compl., Doc. No. 1 ¶ V.)*

As Plaintiff does not allege that he requested to be brought to trial on the pending charges, I understand him to be claiming a violation of the IAD based on the Commonwealth's failure to prosecute him within 120 days of his arrival in Philadelphia.  See 18 U.S.C. App. 2 § 2, Art. IV(c) (requiring trial to commence within 120 days of the arrival of the prisoner in the receiving state unless the trial court continues the case for good cause); see also 42 Pa. Cons. Stat. Ann. § 9101.  I also understand Plaintiff to be requesting release from prison based on the alleged violation of the IAD and violation of his due process rights.

II.     DISCUSSION

I will grant Plaintiff leave to proceed *in forma pauperis* because he has satisfied the requirements set out in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  This statute requires me to dismiss an IFP complaint if it is frivolous or malicious, fails to state a claim, or includes a claim for monetary relief against a defendant who is immune.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Furthermore, if an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, I may dismiss any facially invalid claims *mea sponte*.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Poole v. Marks, 441 F. App'x 854, 856 n.5 (3d Cir. 2011) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Accordingly, Plaintiff's request for injunctive

relief based on the alleged violation of his due process rights is not cognizable under § 1983. Plaintiff's due process claim is legally baseless for the additional reason that "a violation of the IAD is not an infringement of a constitutional right." Cooney v. Fulcomer, 886 F.2d 41, 46 n.8 (3d Cir. 1988) (quotations omitted).

Preiser also bars Plaintiff's claim for injunctive relief based on the IAD. Section 1983 provides some forms of injunctive relief for violations of the IAD, see Cuyler v. Adams, 449 U.S. 433, 449–50 (1981) (prisoner seeking to prevent his transfer to another jurisdiction because defendant failed to provide pre-transfer hearing under IAD stated a claim under § 1983); Shack v. Att'y Gen. of Pa., 776 F.2d 1170, 1173–74 & n.* (3d Cir. 1985) ("One to whom a pre-transfer hearing is denied . . . has a federally enforceable claim to damages and to injunctive relief."). The IAD does not, however, provide for relief from a conviction allegedly obtained in violation of the IAD. See Mokone v. Fenton, 710 F.2d 998, 1002 (3d Cir. 1983) (a challenge to a detainer based on IAD is in essence a challenge to the validity of a conviction and so is not cognizable in § 1983); see also Harden v. Pataki, 320 F.3d 1289, 1293–94 & n.6 (11th Cir. 2003) ("Because non-prospective injunctive relief in the case of procedural violations during extradition could only mean immediate release from confinement, [plaintiff's] prayer in this regard is foreclosed by Preiser."). Furthermore, Plaintiff is currently in federal custody, whatever the validity of his Pennsylvania conviction.

Finally, even if Plaintiff's claims were cognizable under § 1983, they are time-barred. Under § 1983, the limitations period is the same as that of personal injury claims in the state where the cause of action arose. In Pennsylvania, this is two years. Wallace v. Kato, 549 U.S. 384, 387 (2007); see also 42 Pa. Cons. Stat. Ann. § 5524(2). As alleged, the IAD violation occurred in 2000 or 2001, but Plaintiff did not file his complaint until 2012. Plaintiff thus has

proceeded well outside the two-year limitations period.

III. CONCLUSION

**AND NOW**, this 29th day of February, 2012, for the foregoing reasons, I will grant Plaintiff's Application to Proceed *In Forma Pauperis* and dismiss his Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). I will not provide Plaintiff leave to amend, as amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112–13 (3d Cir. 2002). An appropriate Order follows.

/s/ Paul S. Diamond
_____

Paul S. Diamond, J.